Filed 12/12/23  P. v. Brown CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KENYON DARRELL BROWN,<br><br>    Defendant and Appellant. | E081190<br><br>(Super.Ct.Nos. FSB17001255, FSB701222 & FWV18004486)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Kenyon Darrell Brown, in pro. per.; and Edward Mahler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Kenyon Darrell Brown appeals from orders in separate trial court cases denying relief.  His appellate counsel filed a brief under the procedures described by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), *Anders v. California*

1

(1967) 386 U.S. 738 (*Anders*), and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*); Brown filed a supplemental brief. We have independently reviewed the contentions Brown raised in his supplemental brief and conclude none of them has merit. We affirm.

## BACKGROUND

### A. Case No. FSB17001255

On April 3, 2017, defendant was charged by way of felony complaint with two counts of animal cruelty (Pen. Code,[1] § 597, subd. (a), counts 1, 2), along with an allegation under the strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), relating to defendant's prior attempted murder conviction. An amended complaint was filed, adding weapon enhancements to both counts 1 and 2, pursuant to section 12022, subdivision (b)(1).

On May 30, 2017, defendant executed a declaration pursuant to section 859a, waiving his rights to a preliminary hearing and to a trial based on the plea agreement reached with the prosecution. Trial counsel did not agree to the waivers on this form. Nevertheless, defendant agreed to plead guilty to one count of animal cruelty and admit the weapon use allegation in return for dismissal of the balance of the charges and allegations and an agreement that defendant would receive probation, agree to pay restitution to the victim in the amount of $1,171.00, and serve 180 days in county jail.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

In changing his plea, defendant informed the trial court there was nothing that prevented him from understanding what was happening in court, that he understood the terms of the plea agreement, that he had gone over the probation conditions with his counsel, and had no questions. Defendant also denied that anyone made threats or promises to induce him to plead nolo contendere.

On August 9, 2019, defendant admitted he violated his probation upon his arrest and conviction for robbery in 2019, for which he was sentenced to a term of four years to run concurrent with his sentence in case No. FSB17001255.

On March 6, 2023, defendant filed a petition seeking relief under Senate Bill No. 567 (2021-2022 Reg. Sess.) arguing that the trial court erred in imposing the upper term sentence without considering his mental illness, that his enhancement violates both Senate Bill No. 567 and section 654, and that his sentence is inconsistent with section 1170, subdivision (b), which went into effect January 1, 2022.

On March 21, 2023, the court denied defendant's petition. In making its order the court noted his conviction had not been vacated because his petition for relief under section 1172.6 was still pending. On May 3, 2023, defendant appealed from the order, incorrectly indicating it was an appeal following a guilty plea, but added a notation that he was appealing the denial of a section 1473.6 motion affecting due process, citing Senate Bill No. 567. His request for a certificate of probable cause was denied.

B. *Case No. FWV18004486*

On February 19, 2019, an information was filed in which defendant was charged with one count of robbery (§ 211); it was further alleged that defendant had previously

been convicted of prior serious or violent felony under the strikes law (§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)), specifically, attempted murder.[2]

On August 9, 2019, defendant entered into a plea agreement, by which he agreed to plead guilty to the robbery, admit the strike prior, and agreed that he would be sentenced to the upper term of five years for the substantive crime, to be doubled by virtue of the strike allegation. Defendant also admitted to a violation of probation in Case No. FSB17001255. The sentence bargain included an agreement that defendant would serve the upper term of five years for the robbery, doubled for the strike allegation, and an agreement to dismiss two pending misdemeanor cases with *Harvey*[3] waivers. The term imposed for case No. FSB17001255, which was ordered to run concurrently, was four years for the animal cruelty plus the one-year enhancement for the weapon use.

On February 9, 2023, defendant submitted a pro se petition pursuant to Assembly Bill No. 256 (2021-2022 Reg. Sess.), which was filed on March 6, 2023, alleging he had received an excessive sentence based on his race, and because the sentence was unauthorized under section 1170, subdivision (b). He contended that the strike allegation was improperly relied upon to double his sentence because the attempted murder conviction on which it was based was no longer valid. He also argued that he suffered from bipolar disorder and schizophrenia on the date of his arrest.

---

[2] On August 7, 2019, the People filed an amended information, alleging enhancements pursuant to sections 667, subdivision (a)(1), and 667.5, subdivision (b), but withdrew the amendment as part of the plea agreement.

[3] Referring to *People v. Harvey* (1979) 25 Cal.3d 754, 758-759.

4

Finally, he again argued that his sentence for a doubled term under the strikes law was unauthorized because his attempted murder fell under the law that predated the amendments giving rise to enactment of section 1172.6, and because an order to show cause had issued in that case, the court should strike the allegation.[4]}

The trial court denied the petition. It noted that defendant's petition for resentencing (§ 1172.6) in the attempted murder case had not yet been vacated. On April 18, 2023, the trial court took no action on defendant's petition seeking relief pursuant to Senate Bill No. 731 (2021-2022 Reg. Sess.), indicating that matter was still pending. The court also directed the clerk's office to not file any further section 1172.6 petitions or motions from defendant, noting that defendant is represented by counsel in the section 1172.6 matter who would file any necessary documents on defendant's behalf.

On April 26, 2023, the court indicated it had read defendant's petition filed on April 20, 2023, seeking relief pursuant to Senate Bill No. 1473 and Senate Bill No. 731, and set it for hearing, joined with the pending section 1172.6 matter. On April 28, 2023, the court reappointed counsel to represent defendant on the petitions that were scheduled to be heard with the 1172.6 proceeding. On May 5, 2023, the court ruled that defendant previously sought relief pursuant to section 1473 under a petition for writ of habeas corpus, which had been denied, so the court lacked jurisdiction.

---

[4] The denial of defendant's section 1172.6 petition was appealed and has been affirmed. (*People v. Brown* (Nov. 16, 2023, E081484) [nonpub. opn.].).

On May 12, 2023, defendant appealed from the March 21, 2023, ruling in which the court did not review defendant's Assembly Bill No. 256 petition and dismissed the petition without a hearing.

**DISCUSSION**

Defendant's counsel filed a brief with this court pursuant to *Wende* and *Delgadillo* and requested an independent review of the record; it included counsel's declaration that defendant had been advised he could file his own brief with this court.

On October 10, 2023, this court sent an order to defendant that advised him about the holding in *Delgadillo*, that independent *Wende* review is not required for appeals from the denial of section 1172.6 petitions, and further stated: "The appellant is personally granted 30 days to file any supplemental brief deemed necessary. If appellant files a supplemental brief, this court will evaluate the specific arguments presented in that brief in its opinion. (*Delgadillo*, *supra*, 14 Ca1.5th 216 [302 Ca1.Rptr. at p. 165].) Failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned."

Defendant filed a supplemental letter brief arguing that his 10-year sentence for the robbery was the result of racial bias as well as the prosecutor's unwillingness to dismiss the strike allegation. He further argues that he suffered from mental illness, for which reason he did not harbor malice, an element requisite for the attempted murder conviction. He contends the trial court should have granted him sentencing relief based on his condition. Finally, he argues the court denied him mental health treatment and

6

imposed harsh punishment out of bias. Although the filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues (*Delgadillo*, *supra*, 14 Cal.5th at p. 232), we have discretion to do so.

Addressing defendant's claim that Senate Bill No. 567 was violated and that his mental illness was not considered as a basis for resentencing, we note first that defendant's sentences were a product plea bargaining, such that the amendments to section 1170, subdivision (b), did not come into play. Senate Bill No. 567 (Stats. 2021, ch. 731), creates a presumption that the sentencing court shall enter a lower term sentence when, among other things, a psychological, physical, or childhood trauma contributed to the offense (Pen. Code, § 1170, subd. (b)(6) & (A); *People v. Salazar* (Nov. 20, 2023, No. S275788) ___Cal.5th___ [2023 Cal. LEXIS 6529, at *1].)

Because defendant stipulated to the sentences imposed in each of his cases, there was no exercise of judicial discretion that required adherence to the amended provisions of section 1170, subdivision (b). More importantly, there is nothing in the record indicating defendant suffered from a mental illness, except for defendant's statements in his postjudgment applications for relief. The record relating to each of the cases in which defendant was prosecuted to judgment is devoid of evidence of any mental illness. There was no violation of Senate Bill No. 567.

Addressing the validity of the strike allegation that flowed from defendant's attempted murder conviction and resulted in the 10-year term for defendant's robbery conviction, we recently upheld the trial court's ruling denying resentencing relief in

7

*People v. Brown, supra,* E081484.  Because we affirmed the trial court's denial of relief from the attempted murder conviction, any allegation by defendant that the doubling effect on his later sentences was due to an invalid sentence must fail.

We have also reviewed defendant's claim that his sentence violated Assembly Bill No. 256.  That bill led to amendment of section 745,[5] which currently provides that "The state shall not seek or obtain a criminal conviction or seek, obtain, or impose a sentence on the basis of race, ethnicity, or national origin."  (§ 745, subd. (a).)  A violation is established if the defendant proves, by a preponderance of the evidence, any of the following:  "(1) The judge, an attorney in the case, a law enforcement officer involved in the case, an expert witness, or juror exhibited bias or animus towards the defendant because of the defendant's race, ethnicity, or national origin.  [¶] (2) During the defendant's trial, in court and during the proceedings, the judge, an attorney in the case, a law enforcement officer involved in the case, an expert witness, or juror, used racially discriminatory language about the defendant's race, ethnicity, or national origin, or otherwise exhibited bias or animus towards the defendant because of the defendant's race, ethnicity, or national origin, whether or not purposeful. . . .  [¶] (3) The defendant was charged or convicted of a more serious offense than defendants of other races, ethnicities, or national origins who have engaged in similar conduct and are similarly situated, and the evidence establishes that the prosecution more frequently sought or

---

[5]  Section 745 was added effective January 1, 2021, by Assembly Bill No. 2542 (Stats 2020, ch. 317, § 3.5).  It was further amended effective January 1, 2023, pursuant to Assembly Bill No. 256.

obtained convictions for more serious offenses against people who share the defendant's race, ethnicity, or national origin in the county where the convictions were sought or obtained.  [¶]  (4) (A) A longer or more severe sentence was imposed on the defendant than was imposed on other similarly situated individuals convicted of the same offense, and longer or more severe sentences were more frequently imposed for that offense on people that share the defendant's race, ethnicity, or national origin than on defendants of other races, ethnicities, or national origins in the county where the sentence was imposed. [¶]  (B) A longer or more severe sentence was imposed on the defendant than was imposed on other similarly situated individuals convicted of the same offense, and longer or more severe sentences were more frequently imposed for the same offense on defendants in cases with victims of one race, ethnicity, or national origin than in cases with victims of other races, ethnicities, or national origins, in the county where the sentence was imposed." (§ 745, subd. (a).)

Because defendant pled guilty in each of his cases and was sentenced in conformity with the terms to which he agreed, he has failed to establish his prosecutions or sentences were the product of racial animus or discrimination.

In the present case, our independent review of the record shows defendant pled guilty to his offenses and agreed to the punishment to be imposed by virtue of his guilty pleas.  There is no indication of racial animus in the plea bargaining, change of plea, or sentencing phases of his case.  Moreover, there are no statements in the record reflecting any racial bias against defendant by any court participant.

9

We have independently reviewed the record for error consistently with *Wende* and *Anders*. We have not discovered any potentially meritorious issues for reversal on appeal. Competent counsel has represented Brown on this appeal.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.

10